UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     v.<br><br>EMANUEL LOPEZ,<br>     a/k/a "King Manny"<br><br>     Defendant | Criminal No. 19-CR-10459-RWZ |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits the instant memorandum in support of its recommendation for **70 months of incarceration** for the Defendant, Emanuel Lopez-Velez, a/k/a "King Manny." This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

The parties disagree that U.S. Probation has properly calculated the guidelines in the final Presentence Report. However, the only discrepancy is that the parties accorded the defendant a 2-level reduction for mitigating role in the Plea Agreement under USSG § 3B1.2(b), because he was a probationary member of the enterprise. *See United States v. Lopez*, 957 F.3d 302, 308 (1st Cir. 2020) ("it seems right as rain to conclude that a defendant's role in the overarching conspiracy, rather than his role in discrete predicate acts, constitutes the critical benchmark for determining whether a role-in-the-offense enhancement is warranted under section 3B1.1"). Probation has not accorded that 2-level reduction. *See* PSR 89. As such, the parties agreed that the Defendant's offense level is 26, while Probation calculated it to be 28.

The parties and Probation otherwise agree to the following calculation: the defendant's base offense level of 20 (pursuant to USSG § 2B3.1(a)(1)) (PSR ¶ 74); increased by 7 due to the

1

discharge of a firearm (USSG § 2B3.1(b)(2); PSR ¶ 75); increased by 4 because the victim suffered serious bodily injury (USSG § 2B3.1(b)(3)(B); PSR ¶ 76); reduced by three levels due to his prompt acceptance of responsibility (USSG § 3E1.1; PSR ¶¶ 92-93).

With a criminal history score of II (PSR ¶¶ 101), the guideline sentencing range ("GSR") as calculated by the parties is 70-87 months. The GSR as calculated by Probation is 87-108. In the plea agreement, the U.S. Attorney agreed to recommend a sentence at the low-end of the calculated offense level of 26, which corresponds to the recommendation of 70 months.

## ARGUMENT

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). Consideration of the § 3553(a) factors demonstrates that a sentence of 70 months (the mid-range of the guidelines sentence range) is sufficient, but not greater than necessary, to meet the goals of sentencing.

Among those factors are the "nature and circumstances of the offense," promoting respect for the law, and providing just punishment. See 18 U.S.C. § 3553(a)(2)(A). The sentence must also afford "adequate deterrence" for both the defendant and others. See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct"). Lastly, the sentence must protect the public from the further crimes of the Defendant, and the violence that the Defendant brought to bear through his membership in the Latin Kings. See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant"). On consideration of all these factors, a 70-month is the proper means to do so.

### A.   Nature and Circumstances

This Court is familiar with the nature of the Latin Kings enterprise and the violent conduct committed by its members. Here, this Defendant was a probationary member, but personally

responsible for shooting and robbing a rival gang member. While this Court is no stranger to shooting incidents in this case, it appears that this is the first sentencing for which a Defendant actually struck the intended target. Other Defendants have been sentenced to multiple years in prison for participating in shootings where a single round was fired and the target was not struck: such as Luis Santiago (shooter, sentenced to 46 months), Juan Figueroa (shooter, sentenced to 24 months), Raekwon Paris (shooter, sentenced to 22 months with downward departure), Shelton Johnson (participant, sentenced to 54 months).

The government agrees that his role as a probationary member in the enterprise is a mitigating factor. However, the government would suggest that this role is already accounted-for in the plea agreement and the 2 level reduction in offense level. This was a serious and violent confrontation in which the Defendant played a principal role. A victim was shot and suffered serious injury as a result. All told, the nature and circumstances justify a significant sentence of 70 months.

### B. Public Protection and Deterrence

Given the shooting and robbery here, the Court must ensure that the defendant is specifically deterred from committing crimes in the future, and ensuring that the public recognizes such crimes merit a serious punishment as well. The Court should specifically deter the Defendant from committing crimes in the future by imposing a 70 months sentence. A 70-month sentence is necessary to impress upon the Defendant that association with the Latin Kings is serious and is unacceptable in the future.

General deterrence must also be considered, and this Court should be mindful of the message that the sentence will send to violent offenders, particularly gang members who use firearms to rob and shoot others. A 70-month sentence sends a message to violent offenders that

swift punishment and imprisonment for multiple years await them if they choose to associate with gangs and commit violence. The Court should also be mindful of the message that would be sent by a lenient or variant sentence to these same violent offenders. A sentence below the guidelines 70 months would not promote respect for the law or justly punish this Defendant, and would diminish the seriousness of the offense to those committing such crimes. Moreover, the Court must take this opportunity to protect society from this Defendant and the potential for future crimes, and punish him for firing a gun at another person. A 70-month sentence is the proper means to accomplish all these goals of sentence.

Lastly, the government states that a multiple-year period of punishment, coupled with programming and rehabilitation in the Bureau of Prison appears to be wholly in line with what this Defendant requires. A serious crime such as this merits a 70-month sentence, and is commensurate with the level of violence caused by this Defendant.

## CONCLUSION

Due to the nature and circumstances of the crime, and because deterrence (both general and specific), respect for the law, and just punishment for selling deadly drugs are all critical sentencing factors for this Defendant, the Court should impose a sentence of 70 months.

Respectfully submitted,

NATHANIEL R. MENDELL,
Acting United States Attorney

By:

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
LAUREN A. GRABER
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
617-748-3674

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                            */s/ Philip A. Mallard*
                                                             PHILIP A. MALLARD
Date:  May 24, 2021                             Assistant U.S. Attorney